In re ESTATE OF LITIA SAGAPOLUTELE

TO'AITIITI SAGAPOLUTELE, Petitioner

High Court of American Samoa
Trial Division

PR No. 25-76

July 18, 1988

Before REES, Chief Justice, TAUANU'U, Chief Associate Judge, and TUIAFONO, Associate Judge.

Counsel: For Petitioner, Moega Lutu

In 1976 To'aitiiti Sagapolutele filed a petition in the High Court, requesting the appointment of the American Savings and Loan Association as guardian of his minor child's estate. The purpose of the requested appointment was to provide for the administration of funds which the minor was to receive as compensation for injuries suffered in an automobile accident. The petition was granted.

24

In February of 1988 the Court ordered accountings or status reports in probate cases in which no such reports had been filed for several years. In this case no report had been filed during the twelve years since the guardian was appointed. The Court received no response to its initial order for an accounting or to a subsequent reminder; it therefore ordered To'aitiiti Sagapolutele to show cause why he should not be held in contempt of Court for failure to comply with the Court's orders.

At the hearing on the order to show cause, the following facts appeared:

1) Although To'aitiiti Sagapolutele was the petitioner in the case, the petition requested the appointment of the American Savings and Loan Association (hereinafter the "Bank"), not the petitioner himself, as guardian of the estate.

2) The funds in the estate were, however, never turned over to the court-appointed guardian. Instead the petitioner's attorney received the amount of $1500 from the insurance company, deposited it into his trust account, and withdrew his attorney fee of $500. He then gave the remaining $1000 to the petitioner (To'aitiiti) rather than to the court-appointed guardian (the Bank.)

3) The petitioner testified that he spent the $1000 on general family expenses, in violation of the Court's 1976 order.

4) The Bank subsequently closed down its American Samoa office.

The petitioner, To'aitiiti Sagapolutele, is therefore ordered to restore the amount he wrongfully appropriated from the estate, plus the interest that would have accrued to the estate if the wrongful appropriation had not taken place. The Court takes judicial notice of the fact that the Development Bank of American Samoa, which took over the administration of minors' estates when American Savings and Loan left the Territory, has paid interest on the funds in these estates at the annual rate of 5%, compounded annually, since 1976. The Court's order was signed on November 8, 1976; allowing petitioner until the following January as

25

a reasonable time for compliance with the order, petitioner now owes $1000 compounded annually for 11 years, or $1753.10.

Since the American Savings and Loan Association no longer does business in the Territory and the Development Bank does not wish to accept new guardianships, petitioner shall deposit the amount he owes with the Clerk of the High Court, who shall open a savings account in the name of the child's estate. Petitioner shall deposit $100 no later than July 31, 1988, and $100 on or before the last day of each subsequent month until he has paid $1753.10 plus interest which shall continue to accrue on the unpaid balance at the rate of 5%. These payments should cause the debt to be paid in full no later than January of 1990. The Clerk will provide the petitioner with annual statements on the status of the account.

Failure on the part of the petitioner to make any payment when due, unless he has first petitioned the Court for an extension and shown good cause for such an extension, will constitute contempt of Court and subject petitioner to the penalties for such contempt.

It is so ordered.